

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,324

**EX PARTE FREDDIE PANIAGUA, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2007CR7630 IN THE 144TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with intent to deliver a controlled substance and sentenced to eight years' imprisonment. He did not appeal his conviction.

Applicant contends that his guilty plea was rendered involuntary because, *inter alia*, performance of his plea agreement became impossible after the trial court lost jurisdiction of his case. Applicant contends that his plea agreement called for him to serve time in boot camp and to

be brought back to Bexar County after successful completion of boot camp to be considered for community supervision. He contends that by the time he was brought back to Bexar County after successful completion of boot camp, the trial court had lost jurisdiction to place him on community supervision and he was sent back to TDCJ. The trial court issued findings of fact and conclusions of law and determined that Applicant is entitled to relief. We agree.

Relief is granted. The judgment in Cause No. 2007CR7630 in the 144th Judicial District Court of Bexar County is set aside, and Applicant is remanded to the custody of the sheriff of Bexar County to answer the charges as set out in the indictment.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: March 31, 2010
Do Not Publish